**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF NORTH CAROLINA

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **N935JC, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **88-2530420** |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| | **c/o Matthew W. Smith, Receiver** <br> **The Finley Group** <br> **212 South Tryon St., STE 1050** <br> **Charlotte, NC 28281** |
| **8301 Marcliffe Court** <br> **Waxhaw, NC 28173** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Union** | **Location of principal assets, if different from principal place of business** |
| County | **Davinci Jets, LLC** <br> **5207 Morris Field Drive Charlotte, NC 28208** |
| | Number, Street, City, State & ZIP Code |

**5.    Debtor's website** (URL)

**6.    Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **N935JC, LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

| Debtor | **N935JC, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| | | | Relationship | |
|---|---|---|---|---|
| Debtor | **See Attachment** | | | |
| District | | When | Case number, if known | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds** .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Note: For item 15 Estimated Assets, the "$1,000,001 - $10 million" box is marked ■.

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

| Debtor | **N935JC, LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **N935JC, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 17, 2023**
MM / DD / YYYY

**X /s/ Matthew W. Smith**
Signature of authorized representative of debtor

**Matthew W. Smith**
Printed name

Title    **Receiver for Applied Machinery Rentals, LLC**

**18. Signature of attorney**

**X /s/ James H. Henderson**
Signature of attorney for debtor

Date    **July 17, 2023**
MM / DD / YYYY

**James H. Henderson 13536**
Printed name

**The Henderson Law Firm, PLLC**
Firm name

**2030 South Tryon Street**
**Suite H**
**Charlotte, NC 28203**
Number, Street, City, State & ZIP Code

Contact phone    **704.333.3444**       Email address    **henderson@title11.com**

**13536 NC**
Bar number and State

| Debtor | **N935JC, LLC** | Case number (*if known*) | |
| --- | --- | --- | --- |
| | Name | | |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF NORTH CAROLINA

Case number (*if known*) _____   Chapter   **7**

☐ Check if this an
amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
| --- | --- | --- | --- | --- |
| Debtor | **Applied Machinery Rentals, LLC** | | Relationship to you | **parent company** |
| District | **WDNC** | When | Case number, if known | **to be filed 7.17.2023** |
| Debtor | **G and W Holding Company, LLC** | | Relationship to you | **common ownership** |
| District | **WDNC** | When **7/17/23** | Case number, if known | **23-30453** |
| Debtor | **G and W Industrial Properties, LLC** | | Relationship to you | **common ownership** |
| District | **WDNC** | When **7/17/23** | Case number, if known | **23-30454** |

**United States Bankruptcy Court**
**Western District of North Carolina**

In re   **N935JC, LLC**                                                        Case No.
_____                    _____
Debtor(s)                          Chapter      **7**  _____

# VERIFICATION OF CREDITOR MATRIX

I, the Receiver for Applied Machinery Rentals, LLC of the corporation named as the debtor in this case, hereby verify that the

attached list of creditors is true and correct to the best of my knowledge.

Date:   **July 17, 2023**                              **/s/ Matthew W. Smith**
_____                    _____
**Matthew W. Smith/Receiver for Applied Machinery Rentals, LLC**
Signer/Title

Annette W. Harris
Truist Bank
214 N. Tryon Street
Charlotte, NC 28202


Eric Legvold
DaVinci Jet
5207 Morris Field Drive
Charlotte, NC 28208


Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346


Mecklenburg County Tax Collector
Tax Bankruptcy Section
PO Box 31637
Charlotte, NC 28231-1637


Mitch McCune
CFS Jets
17039 Kenton Drive
Cornelius, NC 28031


NC Department of Revenue
Bankruptcy Unit
PO Box 1168
Raleigh, NC 27602

# United States Bankruptcy Court
## Western District of North Carolina

In re __N935JC, LLC__
Debtor(s)

Case No.
Chapter    **7**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __N935JC, LLC__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

__July 17, 2023__
Date

/s/ James H. Henderson
**James H. Henderson 13536**
Signature of Attorney or Litigant
Counsel for   **N935JC, LLC**
**The Henderson Law Firm, PLLC**
**2030 South Tryon Street**
**Suite H**
**Charlotte, NC 28203**
**704.333.3444 Fax:704.333.5003**
**henderson@title11.com**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 23- |
| N935JC, LLC | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

---

### STATEMENT REGARDING AUTHORITY TO SIGN AND FILE CHAPTER 7
### BANKRUPTCY PETITION

I, Matthew W. Smith, declare under penalty of perjury that I am the Receiver of Applied Machinery Rentals, LLC ("AMR"), and that the following is a true and correct Statement regarding my authority to file this Chapter 7 proceeding for N935JC, LLC (the "Debtor").

1.  Pursuant to the June 16, 2023, Order Appointing Receiver of the York County, South Carolina Court of Common Pleas (the "Order"), I was appointed as a general receiver for AMR pursuant to the provisions of South Carolina Code § 15-65-10, *et seq.* (the "Receivership Act"). A copy of the Order is attached hereto as Exhibit A and is incorporated herein by reference.

2.  AMR is the sole owner of the membership interests in the Debtor. A copy of the Articles of Organization for the Debtor, showing AMR as the sole member, is attached hereto as Exhibit B. The Debtor is a North Carolina corporation.

3.  The Debtor's principal asset is a 2012 Hawker Beechcraft King Air 350 aircraft, which is registered and located in Charlotte, N.C. Venue is therefore appropriate in this district.

4.  After my appointment as Receiver, among my other duties, I have spent a significant amount of time reviewing the financial affairs of AMR and the Debtor. The Debtor has significant assets and liabilities. This aircraft is expected to have equity which will flow to the creditors of AMR.

5.  It is in the best interests of the Debtor, AMR and the creditors of each for the Debtor to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code.

6.  I am authorized to execute and deliver all documents necessary to perfect the filing of a chapter **7** voluntary bankruptcy case on behalf of the Debtor, pursuant to the terms of the Order and the Receivership Act.

Date: July 17, 2023          Signed   /s/ Matthew W. Smith

**Matthew W. Smith, Receiver for Applied**
**Machinery Rentals, LLC**

EXHIBIT A

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP4601722

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF YORK | ) COURT FILE NO. 23-CP-46-_____ |
| | ) |
| WOODFOREST NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER APPOINTING RECEIVER** |
| | ) |
| APPLIED MACHINERY RENTALS, | ) |
| LLC, and GARTH MCGILLEWIE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Woodforest National Bank ("Plaintiff") has applied for the appointment of a general receiver in this action pursuant to the provisions of South Carolina Code § 15-65-10, *et seq.* (the "Receivership Act")

**THIS MATTER** came before the Court, on Plaintiff's Motion for Appointment of Receiver (the "Motion"), which was heard virtually on June 16, 2023. The Court has reviewed the Motion and the Court file, and has been otherwise fully advised in the matter. The Court finds:

1.     This Court has jurisdiction over the parties and subject matter of this case, and that venue is proper.

2.     Under Receivership Act, the Court has the statutory power to order the appointment of a receiver to protect a party's business and property interests in commercial real and personal property related to or used to operate the business. South Carolina Code § 15-65-10.

3.     The Court also has the equitable power to order the appointment of a receiver. *Midlands Util., Inc. v. S.C.v. DHEC*, 301 S.C. 224, 391 S.E.2d 535 (1989) (the appointment of a receiver is within the discretion of the circuit judge).

4.     Plaintiff has met its burden to appoint a receiver for Borrower and Borrower's

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172Z

Assets and Operations, which includes those assets described in the Complaint (the "Collateral").[1]

5.      Proper and adequate notice of the hearing was given to Defendants under South Carolina Code § 15-65-20.

6.      Good cause exists for issuing this Order, appointing a receiver over the Defendant Applied Machinery Rentals, LLC ("Borrower") and its Assets and Operations (as defined below), including the Collateral. Borrower has failed to meet its obligations under the subject loan documents, and Plaintiff is entitled to enforce its rights and remedies, including, without limitation, the right to the appointment of a receiver. In addition, a receiver is necessary to protect Plaintiff because the Defendant and Collateral are being subjected to or are in danger of impairment, waste, loss, substantial diminution in value, and dissipation, and a further delay would cause an injustice to the Plaintiff.  Moreover, Borrower appears to be insolvent or in imminent danger of insolvency.

Based upon the foregoing, it is hereby,

**ORDERED AND ADJUDGED,** effective as of the date of this Order (the "Effective Date"):

1.      Plaintiff having shown good cause in accordance with Rule 66 of the South Carolina Rules of Civil Procedure and the Receivership Act, the Motion is **GRANTED**.

2.      Appointment. Matthew W. Smith of The Finley Group, Inc. ("Receiver") is qualified to act as Receiver in this action and is appointed Receiver over Borrower and the Collateral. The appointment of Receiver is effective upon execution of this Order and continues until further order of this Court. Receiver shall schedule weekly meetings with the Plaintiff to provide information on the status of Receivership. The Receiver will be supported by other

---

[1] For the sake of clarity, the powers of Receiver shall specifically include the operation of the businesses and investigation and assertion of all claims and causes of action.  Unless otherwise defined herein, defined terms shall have the meaning ascribed them in the Motion.

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

members of The Finley Group, including but not limited to Jeffrey Creech.

3.   <u>Powers of Receiver</u>. As of the Effective Date, and ending upon termination of such appointment by further Order of the Court, Receiver is authorized to take possession, custody and control of Borrower's business operations, assets, and property, of whatever nature, including, without limitation, the Collateral (collectively, the "<u>Assets and Operations</u>"), subject to all existing liens and claims, and is authorized, but not required, to perform all services and take all actions necessary or advisable to oversee, carry on, manage, care for, maintain, repair, insure, protect, and preserve the Assets and Operations, without further order of the Court, including, but not limited to, the following:

a.   To take immediate[2] possession of, custody of, and control over all of the Assets and Operations and all other property and assets of Borrower. For the avoidance of doubt, the Assets and Operations shall include all business operations and all real and personal property of any kind owned by Borrower, including all intellectual property (as defined below), fixtures, equipment, inventory, books and records, bank accounts, keys, combinations for locks, passwords or other access to information, and intangibles.

b.   To manage the Assets and Operations.

c.   To change any locks and, if appropriate, limit access to some or all of the Assets and Operations.

d.   To direct Borrower and its officers, agents, employees or other representatives immediately to turn over and deliver or cause to be delivered to Receiver or his designee all personalty which is owned by Borrower and relates in any manner to the Assets and Operations including, without limitation, all keys, combinations for locks, passwords or other access codes, books, records, deposit and securities accounts, operating statements, reserve accounts and the like pertaining to the Assets and Operations.

e.   To review existing worker's compensation, disability, general liability, director and officer, and "all risks" hazard insurance. If Receiver determines that insurance has lapsed or is about to lapse or there is not insurance coverages required by the governing loan documents, then Receiver shall obtain or maintain casualty insurance regarding the Collateral, and if required by Plaintiff, liability, windstorm, flood, professional liability, and workers' compensation insurance regarding the

---

[2] As used herein, the term "immediate" shall mean a period of time not to exceed five (5) business days.

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

Collateral, all in such amounts and with such coverages as required. All such insurance policies shall name Receiver, any management company retained by Receiver, Plaintiff, and Borrower, as additional insureds and shall name Plaintiff loss payee regarding all casualty policies. Receiver shall promptly investigate and file a full, prompt written report with the Clerk of this Court as to all serious and material accidents, claims for damage relating to the ownership, operation and maintenance of the Collateral, and any damage or destruction to the Collateral, and the estimated cost of repair thereof, and shall prepare all reports required by any insurance company in connection therewith.

f.  To negotiate all bills, drafts, loan documents (with Plaintiff or others), notes or other instruments in the name of Borrower.

g.  To execute agreements, as necessary, with terms which are reasonable and customary for the type of use involved for the benefit of the Assets and Operations, and such agreements shall have the same effect as if executed by Borrower.

h.  To retain and pay professionals (e.g. counsel, accountants, etc.) ("Professionals") to advise and assist Receiver with management and administration of the Assets and Operations, including independent legal counsel to furnish legal advice to Receiver for such purposes as may be necessary during the period of receivership. With the prior approval of Plaintiff, Receiver is also empowered to employ, consultants, developers and other professionals to furnish other advice and services to Receiver, all for such purposes as may be reasonable and necessary during the term of Receivership.

i.  To collect and receive all earnings, rents, issues, income, profits, and other revenues (the "Revenues") of Borrower's Assets and Operations now due and unpaid or that may be earned after entry of this Order.

j.  To (a) continue to maintain and utilize Borrower's deposit accounts, which shall be used exclusively for deposits and disbursements of the Revenues and funds of Receivership Estate and (b) direct payors to deposit funds due and owing to Borrower in its depository accounts.

k.  To open new bank accounts with respect to Receiver or his designee's management of the Asset and Operations, and with respect to any bank account in the name of Borrower or otherwise maintained by Borrower to: (a) require said bank to convert the account name to such name as requested by Receiver; (b) modify the authorized signors on the account to those persons requested by Receiver, (c) delete any signors to the account as requested by Receiver; and (d) ensure compliance with other similar requests made by Receiver, including, without limitation, using Borrower's FEIN while naming the account as a receivership account.

l.  To apply the Revenues as follows to pay: (a) Receiver's reasonable fees and expenses and those of its Professionals including law firms representing Receiver; (b) premiums for adequate property and liability insurance; (c) taxes and

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172Z

assessments; (d) utility bills and garbage and waste removal; (e) expenses for minor, routine and ordinary items of maintenance and repair not involving capital improvements (the parties acknowledge Receiver may specifically do all minor repairs and maintenance from time to time as may be required so as to avoid loss or damage to the Assets and Operations); (f) expenses to continue the day to day operations, which may include hiring such employees and third party vendors as Receiver deems necessary and appropriate to assist him in managing the Assets and Operations in a business-like manner during Receivership; and (g) to Plaintiff toward the indebtedness underlying the Loan Documents.

m.  To conduct discovery, provide notice, pursue claims, cooperate, negotiate, and otherwise take all steps necessary to recover or obtain coverage from any entity relating to: (a) the acts, conduct, property, liabilities, or financial condition of Borrower, (b) the claim policies, or (c) any other matter or item that may affect Receiver's administration of the Assets and Operations.

n.  To commence, prosecute and settle such actions at law or in equity that Receiver deems necessary to fulfill its duties to preserve the Assets and Operations.

o.  To maintain existing or open new accounts with, or negotiate, compromise or otherwise resolve Borrower's existing obligations to utility companies or other service providers or suppliers of goods and services to Borrower or to otherwise enter into such agreements, contracts or understandings with such utility companies or other service providers or suppliers as are necessary to maintain, preserve and protect the Assets and Operations.

p.  To utilize any and all of the existing sales, use, environmental or regulatory operating licenses or permits, or any other licenses or permits relating to Borrower.

q.  To transfer and cause to be filed this Order and any judgment or order entered in connection with this case to any district in which the Assets and Operations may be located and applicable law to fulfill its duties under this Order.

r.  To market and sell Borrower's Assets and Operations, if feasible, provided that: (a) any such sales shall be subject to the prior written approval of Plaintiff; and (b) any sale of all or substantially all of the Assets and/or Operations of Borrower shall be by public or private sale and shall be subject to approval by further order of the Court. The proceeds of any sale or other disposition of all or any portion of Borrower's Assets or Operations shall be held in constructive trust by Receiver for the exclusive benefit of creditors in the order of priority to be disbursed upon entry of further order of the Court. Receiver shall be allowed to sell personal property through public or private sale(s), upon prior written approval of the Plaintiff, and shall not be restricted to any private sale requirements.

s.  To have the sole authority and power on behalf of Borrower to file a bankruptcy petition or to initiate litigation, and to govern Borrower (subject to any order of the presiding court and the provisions of the U.S. Bankruptcy Code) as responsible

party during any bankruptcy proceedings.

t.   To maintain detailed accounting records, supplied to the Court and Plaintiff upon request, consisting of an itemized account of the Revenues and any other funds received by or on behalf of Receiver and operating expenses and other disbursements by or on behalf of Receiver's charge, or claims against the Assets or Operations, that have occurred during the period covered by the report, and to file such reports of receipts and disbursements under oath as required by the Court.

u.   To take possession of or, if needed, to recover (and the US. Postal Service and all courier or delivery services shall be directed to release to Receiver or its designees), all mail or packages addressed to Borrower at any of Borrower's locations.

v.   To hire and terminate Borrower's personnel, and to adjust the salaries or compensation of any such personnel, in Receiver's discretion (and with Plaintiff's written approval, which approval shall not be unreasonably withheld).

w.   To borrow funds on behalf of Borrower as described in this Order to the extent consented to by Plaintiff in its sole discretion without any commitment to do so.

x.   To take any action necessary to ensure that all licenses required under federal, state, or local law to operate Borrower's business is maintained.

y.   To perform all obligations under the Loan Documents on behalf of Plaintiff, in accordance with, and subject to, the terms of this Order, as may be amended or supplemented from time to time with Plaintiff's written approval, and the budget to be submitted to Plaintiff by Receiver (the "<u>Budget</u>"), which Budget is subject to Plaintiff s approval in its sole and absolute discretion.

z.   To utilize the Police or Sheriff, if necessary, to assist Receiver in enforcing this Order to preserve the Assets and Operations.

aa.  Receiver is hereby further vested with the exclusive standing and all power and authority of, but without the obligation to act, as: (i) the manager(s) of Borrower and (ii) the sole officer of Borrower in its capacity and relationship as "employer", as Receiver deems necessary for the operation and management of the Assets and Operations. Receiver's powers and authority hereunder include, without limitation, the power and authority to: (a) assert or waive attorney/client, work product, joint defense or other privilege of Borrower, (b) execute documents, instruments and resolutions in connection with sale or finance transaction involving the Assets and Operations, and (c) have and obtain access to Borrower's employee records, reports, communications and other work product. Receiver shall have the sole power and authority to commence a case under Title 11 of the United States Code for Borrower.

bb.  At Receiver's option and discretion, with the consent of Plaintiff and without further order of the Court, Receiver may engage an investment banker or broker

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

("Broker") to market some or all of the Assets and Operations for sale. Receiver, with the consent of Plaintiff, may enter into one or more transactions for the sale of some or all of the Assets and Operations, subject to approval of this Court after notice to Borrower and other lienholders of record. In connection with the marketing and sale of some or all of the Assets and Operations and with the consent of Plaintiff:

   i. Receiver is authorized and directed to cause some or all of the Assets and Operations to be listed for sale at any price Receiver determines, in the exercise of its business judgment, to be an appropriate list price.

   ii. Receiver is authorized and directed to assist in marketing the Assets and Operations for sale.

   iii. Receiver shall prepare marketing reports not less than quarterly which shall be provided to Plaintiff and Borrower.

   iv. Receiver is authorized and directed to negotiate proposed sale terms with a buyer for some or all of the Assets and Operations.

   v. If Receiver reaches an agreement with a buyer of the Assets and Operations and Plaintiff consents to the terms and conditions of such sale, Receiver shall file a motion with the Court for the approval of such sale.

   vi. Notwithstanding any statutory requirements, Receiver shall be allowed to sell property through public or private sale(s), upon prior written approval of Plaintiff, and shall not be restricted by private sale. Such sale shall be free and clear of all liens, claims and encumbrances against the Assets and Operations, and such liens, claims and encumbrances shall be transferred by operation of law to the proceeds of such sale in the same validity, priority and extent as existed immediately prior to such sale.

   vii. Prior to any sale for all or part of the Assets and Operations, Receiver shall have provided notice to Borrower of the terms of such sale and Borrower shall not have filed an objection to the terms of such sale within ten (10) days of receipt of such sale provided that the basis for any objections by Borrower must be: (a) that such sale is not the exercise of the sound business judgment of Receiver; and/or (b) that the proposed subject of the sale is not part of the Assets and Operations.

Alternatively, Receiver may schedule the Collateral for sale by public auction

to the highest bidder in the usual course of a foreclosure.

4.   <u>Bond</u>. Receiver's bond requirement shall be waived.

5.   <u>Budget</u>. Within thirty (30) days of this Order, Receiver shall provide an estimated

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP4601722

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

budget of receivership related expenses to the Plaintiff for its approval.

6.    <u>Inventory</u>. Receiver shall prepare and file in the Court on or before thirty (30) days from the date Receiver takes possession, a full and detailed inventory, under oath, of all the real and personal property, of every nature pertaining to the business and Collateral.

7.    <u>Possession and Turnover of Assets and Operations and Property</u>. Receiver shall immediately take full possession of the Assets and Operations and Collateral and the operational management of the Assets and Operations and Collateral, and shall retain custody of same until further order. All persons or entities now or hereafter in possession of assets, including the Collateral, or any part thereof, shall forthwith surrender such possession to Receiver, except tenants or subtenants currently in possession. For taking possession of the Assets and Operations and Collateral and managing same, Receiver is hereby authorized to employ agents, servants and employees and to contract as reasonably necessary. Receiver shall collect all revenues and rents generated from the Assets and Operations and Collateral. Receiver shall deposit rents and any other funds received into a receiver account at a FDIC insured financial institution (the "<u>Receiver Account</u>"). The funds in Receiver Account shall be segregated from all other funds and accounts of Receiver.

8.    <u>Turnover of Records and Other Items</u>. Borrower, its respective members, managers, employees, affiliates, agents and all persons and entities acting by, through or under Borrower are directed, forthwith, to turn over and surrender to Receiver the Assets and Operations and Collateral, including without limitation, all books, records, documents, electronic data, computer hardware and software owned or licensed by Borrower (including all computer programs, databases, disks, and other media owned by Borrower or upon which information regarding any of the Assets and Operations are stored, recorded, or located), a list of all patents, patent applications, trademarks, and other intellectual property (collectively, "<u>IP</u>"), mail and

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

correspondence addressed to or which may contain information regarding the Assets and Operations affairs, and Assets and Operations of Borrower, ledgers, rent records, files, papers, contracts, leases, licenses, permits, land use entitlements, policies and certificates, plans, specifications and drawings, deposits, rents, profits, securities, accounts, keys, pass codes, and any other non-confidential information and data related to same. Borrower, all persons or entities acting by, through or under Borrower, shall turn over all rents and other monies due to Receiver and provide Receiver with immediate access to all properties, machinery, and equipment including the Assets and Operations, to abide by Receiver's requests for information and documentation so that Receiver may perform its functions with all information and knowledge, and not to interfere with or hinder in any way whatsoever the operations of Receiver during the pendency of Receivership.

9.      Stay. On the Effective Date, all creditors, landlords, other persons, Borrower, and where applicable Borrower's officers, managers, members, directors, partners, assigns, agents, servants, employees, accountants, and attorneys, and all other persons shall be enjoined, stayed, and prohibited from, other than in proceedings before this Court, commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting Borrower or any part of the Assets and Operations or Collateral without first obtaining leave of this court except that such actions may be filed to toll any statutes of limitations; taking any action for or on behalf of Borrower, interfering in any way with the actions of Receiver (or any agent or other designee of Receiver authorized hereunder or by order of the Court) with regard to Borrower, disposing of, concealing, or hypothecating in any manner any property or assets of Borrower, and the managers, officers, and/or agents of Borrower no longer have the authority to convey, mortgage, or pledge any property and assets of Borrower or to bind Borrower to any obligations.

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP4601722

10.    <u>Receiver's Additional Duties</u>. Receiver shall manage, preserve, protect, and maintain the Assets and Operations and Collateral in a reasonable, prudent, diligent and efficient manner. Without limitation of those general duties, Receiver is empowered, directed and authorized by this Court to act on its behalf as Receiver of the Collateral and to do all things necessary for the preservation, maintenance, protection, conservation and administration of the Collateral, including, but not limited to, the following:

    a.    <u>Legal Requirements</u>. Receiver shall ensure that all aspects of the Collateral, and its use, operation, management, and development, comply with all laws, regulations, orders or requirements affecting the Collateral issued by any federal, state, county or municipal authority.

    b.    <u>Use and Maintenance of Premises</u>. Receiver shall not permit the use of the premises for any purpose which will or might void any required policy of insurance or which might render any loss uncollectible, or which would violate any law or government restriction.

    c.    <u>Contracts</u>. Receiver shall not enter any service contracts affecting the Collateral, having a term which cannot be canceled (without premium or penalty), upon the termination of Receivership or upon 30 days' notice, whichever is earlier, or for a total annual compensation of more than $50,000.00, except with prior order of this Court or the written consent of Plaintiff. In submitting all such service contracts to the Court for its approval or to Plaintiff, Receiver shall disclose any affiliate relationship, or pecuniary interest, that he may have with or in such contracting party. Receiver is authorized to accept or reject any executory contract.

    d.    <u>Pre-Receivership Expenses</u>. Receiver shall pay all expenses incurred regarding the Assets and Operations and Collateral incurred in the normal and ordinary course of

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172 2

business and which were incurred by Receiver on or after the Effective Date of this Order. Receivership and Receiver shall not be liable for any expenses incurred prior to the Effective Date, nor shall Receiver nor Plaintiff be required to use any revenues collected after Receiver takes possession of the Collateral for payment of any expenses incurred regarding the Collateral prior to Receiver having taken possession of the Collateral. Notwithstanding the foregoing, Receiver may, in Receiver's sole and absolute discretion, pay those expenses incurred in the normal and ordinary course of business of the Assets and Operations and Collateral in which it was incurred prior to Receiver taking possession of same, if, and only if, the payment of any such pre-existing expenses is necessary and critical to the ongoing operation of the Assets and Operations and Collateral (*e.g.*, utilities) or approved by the Plaintiff. It is within Receiver's sole and absolute discretion to determine which expenses incurred prior to Receiver taking possession of the Assets and Operations and Collateral were incurred in the normal and ordinary course of business and the payment of which is necessary and critical to the ongoing operations.

e.  <u>Studies, Surveys and Inspections</u>. Receiver may obtain appropriate studies, surveys and inspections of the Collateral.

f.  <u>Communications with Governmental Entities</u>. Receiver may communicate and negotiate with any necessary governmental entities regarding the Assets and Operations and Collateral.

g.  <u>Leases; Tenancy Issues</u>. Receiver has the full authority and discretion to handle all tenancy issues, including, without limitation, terminating leases and subleases as provided under South Carolina law, all accrual rights under leases and subleases,

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

and seek writs of possession from the Court in this case to evict the occupants, tenants and subtenants and/or to collect rent. Receiver may negotiate leases with tenants, subtenants and prospective tenants and subtenants. Receiver shall not renew or enter into any new leases or subleases without the express written consent of Plaintiff or order of the Court. Receiver also has the authority to bring and maintain separate legal proceedings, if necessary, related to leases and tenancy issues.

h.  Permits, Approvals, Entitlements. Receiver has the authority to apply for and transfer to Receiver any permits, licenses, plats, tentative plats, registrations, approvals, permissions, extensions, renewals, concurrencies or entitlements for the Collateral for and on behalf of and in the name of Borrower.

11.  Receiver's Certificates. Without further order of this Court and with the consent of Plaintiff, Receiver may occasionally borrow from Plaintiff to perform Receiver's duties under this Order with Plaintiff's consent and may issue one or more Receiver's Certificates of Indebtedness ("Certificates") to evidence such borrowings. The principal and interest evidenced by such Certificates shall be *pari passu* with all other Certificates, and all such Certificates shall be a first and prior lien and security interest upon the Collateral, and upon all rents, earnings and income of the Collateral. The lien of each Certificate shall be prior and superior to the right, title and interest in the Collateral of all parties to this action, and to the lien of the loans and other security instruments for which foreclosure is sought in this action and the promissory notes and other obligations secured (the "Security Documents"). The lien of each Certificate shall be prior and superior to the interest or lien of all judgment holders, mechanics' lien claimants, partners and creditors of Borrower. Without limitation of the foregoing, the sums evidenced by each Certificate shall also be secured by the lien and security interests of the Security Documents. Nothing herein

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172Z

shall obligate Plaintiff to advance all or any part of the borrowings authorized herein. If Receiver desires to borrow additional funds, or funds from sources other than Plaintiff, Receiver shall petition this Court (with notice to all parties) for authority to issue Supplemental Certificates of Indebtedness ("Supplemental Certificates"), and this Court may authorize the specific amounts and terms of any Supplemental Certificates, the specific uses of any funds borrowed thereunder, and the lien priority of any Supplemental Certificates.

12.    Compensation. Receiver and all such approved consultants and other Professionals shall be compensated from Receivership monthly to the extent funds are available. Receiver and other Professionals shall be compensated for his services in accordance with his current hourly rates at The Finley Group (Charlotte).  All costs related to Receivership shall be added to the indebtedness owed by Borrower to Plaintiff. The objection to a Monthly Fee Statement shall not disqualify Receiver or any Professional from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of or the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses under the procedures outlined above shall bind this Court with respect to the allowance of compensation and reimbursement of Receiver or any Professionals.

13.    No Waste. Without the approval of this Court or Plaintiff, Receiver shall not suffer, cause or permit: (i) any removal of any real or personal property owned or leased by Borrower, over which this Court has jurisdiction and pertaining to the Assets and Operations and Collateral; nor (ii) any waste of the Assets and Operations and Collateral or any of the components thereof.

14.    Occupants, Tenants and Subtenants to Pay Receiver Rents. Any party in possession of the Collateral or such other persons as may be in possession thereof, be and they are directed, until further order of this Court, to pay to Receiver or Receiver's duly designated agent all rents of the Collateral now due and unpaid or hereafter to become due and Borrower and their agents

and designees are enjoined and restrained from collecting the rents of the Collateral, and all occupants, tenants and subtenants of the Collateral and other persons liable for the rents be and they are enjoined and restrained from paying any monies or rents for the Collateral to Borrower or its managing agent, members, officers, directors, employees, agents or attorneys.

15.      <u>Interference and Cooperation</u>. Except as otherwise requested or authorized by Receiver or until further order of this Court, Borrower and, where applicable, Borrower's officers, managers, members, directors, partners, assigns, agents, servants, employees, and accountants are enjoined from interfering in any manner with the operation and management of the Assets and Operations and Collateral and acting or purporting to act on behalf of the Assets and Operations, Collateral and/or Receiver. Each of the Borrower'officers, managers, members and employee shall:

    a.   Assist and cooperate fully with the receiver in the administration of the receivership property and the discharge of the Receiver's duties and to comply with all rules and orders of the court;

    b.   deliver to the Receiver, immediately upon the Receiver's appointment, all of the receivership property in the debtor's possession (as more fully outlined below);

    c.   supply to the Receiver information as requested relating to the administration of the Assets and Operation, including information necessary to complete any reports or other documents that the Receiver may be required to file; and

    d.   remain responsible for the filing of all tax returns, including those tax returns applicable to periods which include those in which the receivership is in effect.

16.      <u>No Liability</u>. Receiver shall have no personal liability for any environmental liabilities arising out of or relating to Borrower or its business or the Assets and Operations. Receiver shall have no personal liability for any liabilities or claims arising under the Worker

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP460172

Adjustment and Retraining Notification (WARN) Act.

17.    <u>Tax Returns and other Filings</u>. Receiver shall not be responsible for the preparation and filing of any tax returns for Borrower (including income, personal property, commercial activity, gross receipts, sales and use, or other tax returns), other than to provide Borrower with information in Receiver's possession that may be necessary for Borrower to prepare and file their own returns. Receiver shall not be required to make any SEC filings for Borrower unless required to do so by law.

18.    <u>Reports</u>. Beginning thirty (30) days after the entry of this Order, and on the same day of each quarter thereafter until Receiver is discharged from his duties by further Order of the Court, Receiver shall file with the Court a report (the "<u>Report</u>") concerning the Assets and Operations and Collateral. The Report shall contain an inventory and account under oath of any additional rent or property which Receiver has discovered or which have come to Receiver's hands since appointment, state how such additional property or effects are secured or invested and state the balance due from or to Receiver at the time of rendering the last account and the receipts and expenditures since that time. The Report shall also include a copy of the most recent bank statement for Receiver Account and an accounting related to collected rents.

19.    <u>Further Instructions</u>. Receiver may at any time upon notice to all parties, apply to this Court for further or other instructions or powers, whenever such instructions or additional powers shall be deemed necessary to enable Receiver to perform properly and legally the duties of Receivership and to maintain, protect and preserve the Assets and Operations and Collateral.

20.    <u>Insurance for Receiver</u>. Receiver may obtain liability insurance to protect Receiver, its officers, directors, employees, contractors, and agents in carrying out its duties hereunder with a policy limit of not more than $5,000,000.00, and the premium therefore should be paid from the Assets and Operations.

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP4601722

21.    <u>Notice</u>. All written notices called for under this Order shall be: (i) delivered in person; (ii) sent by email; or (iii) mailed, postage prepaid, by overnight express carrier, addressed in each case as follows:

To Plaintiff:

Woodforest National Bank
[address]
Email: JDargani@woodforest.com

       with a copy to Plaintiff's counsel:

David B. Wheeler
Moore & Van Allen PLLC
78 Wentworth Street
Charleston, SC  29401-2828
Email: davidwheeler@mvalaw.com


To Receiver:

The Finley Group
212 S. Tryon Street
Suite 1050
Charlotte, NC 28281
Email: matt@finleygroup.com


22.    All notices shall be deemed received and effective: (i) if delivered in person, upon personal delivery; (ii) if sent by email, on the day sent if a business day and received during business hours, or if such day is not a business day or receipt is outside of business hours, then on the next business day; or (iii) if sent by overnight express carrier, on the next business day immediately following the day sent.

23.    <u>Miscellaneous</u>.

      a.    Receiver or Plaintiff may record this Order in the Public Records of York County, South Carolina, and to serve this Order on any person Receiver deems appropriate to further his responsibilities.

b.      Plaintiff's security interest in the Collateral and rents, of Collateral shall not be impaired by the appointment of Receiver and the loan documents shall remain unchanged and in full force and effect.

24.     <u>Reservation of Rights</u>. Nothing contained herein shall constitute a waiver of any legal argument by Plaintiff with the respect to the Collateral and correspondingly, the right to rents that may be collected by Receiver. Receiver shall have and enjoy all of the powers, immunities, privileges, and prerogatives ordinarily provided to receivers under applicable law, unless otherwise prohibited by this Order.

25.     <u>Discharge of Receiver</u>. Receiver shall carry on the duties set forth herein until such further order of this Court discharging Receiver.

26.     <u>Jurisdiction</u>. The Court retains jurisdiction of this matter to amend or modify this Order and enter such further orders as it deems necessary and proper.

**ORDERED** this _____ day of June, 2023.

_____
Judge, 16th Judicial Circuit

*Electronic Signature Page to Follow*

<u>Copies Furnished to:</u>
All counsel of record

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP4601722



York Common Pleas

**Case Caption:**    Woodforest National Bank VS   Applied Machinery Rentals Llc ,
defendant, et al

**Case Number:**    2023CP4601722

**Type:**    Order/Appointment of Receiver

So Ordered

/s William A. McKinnon, #2761, Resident Circuit
Judge and Chief Admin. Judge for CP, 16th Cir.

Electronically signed on 2023-06-16 10:02:21    page 18 of 18

ELECTRONICALLY FILED - 2023 Jun 16 10:38 AM - YORK - COMMON PLEAS - CASE#2023CP4601722

EXHIBIT B

SOSID: 2423413
Date Filed: 5/27/2022 7:37:00 AM
Elaine F. Marshall
North Carolina Secretary of State
C2022 147 00003

*State of North Carolina*
*Department of the Secretary of State*

## Limited Liability Company
### ARTICLES OF ORGANIZATION

Pursuant to §57D-2-20 of the General Statutes of North Carolina, the undersigned does hereby submit these Articles of Organization for the purpose of forming a limited liability company.

1.  The name of the limited liability company is: **N935JC, LLC**

    (See Item 1 of the Instructions for appropriate entity designation)

2.  The name and address of each person executing these articles of organization is as follows: (State whether each person is executing these articles of organization in the capacity of a member, organizer or both by checking all applicable boxes.) Note: **This document must be signed by all persons listed.**

    | Name | Business Address | Capacity |
    |------|------------------|----------|
    | APPLIED MACHINERY RENTALS LLC | 1205 GALLERIA BLVD, ROCK HILL, SC 29730 | ■Member ☐Organizer |
    | GARTH E MCGILLEWIE | 8301 MARCLIFFE CT, WAXHAW, NC 28173 | ☐Member ■Organizer |
    | | | ☐Member ☐Organizer |

3.  The name of the initial registered agent is: **GARTH E MCGILLEWIE**

4.  The underlined street address and county of the initial registered agent office of the limited liability company is:

    Number and Street **8301 MARCLIFFE CT**

    City **WAXHAW**   State: **NC**   Zip Code: **28173**   County: **UNION**

5.  The mailing address, if different from the street address, of the initial registered agent office is:

    Number and Street _____

    City_____   State: **NC**   Zip Code: _____   County: _____

6.  Principal office information: (Select either a or b.)

    a.  ☑ The limited liability company has a principal office.

    The principal office telephone number: **(803)327-4949**

    The underlined street address and county of the principal office of the limited liability company is:

    Number and Street: **8301 MARCLIFFE CT**

    City: **WAXHAW**   State: **NC**   Zip Code: **28173**   County: **UNION**

The <u>mailing address,</u> if different from the street address, of the principal office of the company is:

Number and Street: _____

City: _____ State: _____ Zip Code: _____ County: _____

b. ☐ The limited liability company does not have a principal office.

7.   Any other provisions which the limited liability company elects to include (e.g., the purpose of the entity) are attached.

8.   **(Optional):** Listing of Company Officials (See instructions on the importance of listing the company officials in the creation document.

| Name | Title | Business Address |
|---|---|---|
| GARTH E MCGILLEWIE | MANAGER | 8301 MARCLIFFE CT, WAXHAW, NC 28173 |
| | | |

9.   **(Optional):** Please provide a business e-mail address: _____
The Secretary of State's Office will e-mail the business automatically at the address provided above at no cost when a document is filed. The e-mail provided will not be viewable on the website. For more information on why this service is offered, please see the instructions for this document.

10.   These articles will be effective upon filing, unless a future date is specified:

_____

This is the <u>26th</u> day of <u>MAY</u>, 20 <u>22</u>.

APPLIED MACHINERY RENTALS LLC
_____

DocuSigned by:

*Garth E McGillewie*

9F8B6606E98D432... Signature

GARTH E MCGILLEWIE, MEMBER
_____
Type or Print Name and Title

The below space to be used if more than one organizer or member is listed in Item #2 above.

DocuSigned by:

*Garth E McGillewie*

9F8B6606E98D432... Signature
_____    _____
Signature

GARTH E MCGILLEWIE, ORGANIZER
Type and Print Name and Title          Type and Print Name and Title

**NOTE:**
1.   Filing fee is $125. This document must be filed with the Secretary of State.